IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MERCK & CO., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **C.A. 05-658 (JJF)** |
| | ) | |
| **WATSON LABORATORIES, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND
## COUNTERCLAIMS OF WATSON LABORATORIES, INC.

Defendant, Watson Laboratories, Inc. ("Watson"), for its Answer, Affirmative

Defenses, and Counterclaims to the Complaint of Plaintiff Merck & Co., Inc. ("Merck"),

states as follows:

## THE PARTIES

1.    Admitted.

2.    Admitted.

## JURISDICTION AND VENUE

3.    Paragraph 3 contains legal conclusions to which no answer is

required. To the extent an answer is required, Watson admits that this action purports to

arise under the patent laws of the United States and that subject matter jurisdiction is

proper. Watson denies the remaining averments of Paragraph 3.

4.    Paragraph 4 contains legal conclusions to which no answer is

required. To the extent an answer is required, Watson admits that venue is proper in this

District for purposes of this action only. Watson denies the remaining averments of

Paragraph 4.

## BACKGROUND

5.      Paragraph 5 contains legal conclusions to which no answer is required.  To the extent an answer is required, Watson admits that the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,358,941 ("the '941 patent"), entitled "DRY MIX FORMULATION FOR BISPHOSPHONIC ACIDS WITH LACTOSE," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare on October 25, 1994; that the subject matter of the '941 patent purportedly is set forth in the specification and claims of the '941 patent; and that a copy of the '941 patent is attached to the Complaint as Exhibit 1.  Watson denies that the '941 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '941 patent.  Watson denies the remaining averments of Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 5,681,590 ("the '590 patent"), entitled "DRY MIX FORMULATION FOR BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare on October 28, 1997; that the subject matter of the '590 patent purportedly is set forth in the specification and claims of the '590 patent; and that a copy of the '590 patent is attached to the Complaint as Exhibit 2.  Watson denies that the '590 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '590 patent.  Watson denies the remaining averments of Paragraph 6.

7.    Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 5,849,726 ("the '726 patent"), entitled "ANHYDROUS ALENDRONATE MONOSODIUM SALT FORMULATIONS," to Gerald S. Brenner, Drazen Ostovic, Earl R. Oberholtzer, Jr., and J. Eric Thies on December 15, 1998; that the subject matter of the '726 patent purportedly is set forth in the specification and claims of the '726 patent; and that a copy of the '726 patent is attached to the Complaint as Exhibit 3. Watson denies that the '726 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '726 patent. Watson denies the remaining averments of Paragraph 7.

8.    Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 6,008,207 ("the '207 patent"), entitled "ANHYDROUS ALENDRONATE MONOSODIUM SALT FORMULATIONS," to Gerald S. Brenner, Drazen Ostovic, Earl R. Oberholtzer, Jr., and J. Eric Thies on December 28, 1999; that the subject matter of the '207 patent purportedly is set forth in the specification and claims of the '207 patent; and that a copy of the '207 patent is attached to the Complaint as Exhibit 4. Watson denies that the '207 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '207 patent. Watson denies the remaining averments of Paragraph 8.

9.    Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 6,090,410 ("the '410 patent"), entitled "DRY MIX FORMULATION FOR

BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare on July 18, 2000; that the subject matter of the '410 patent purportedly is set forth in the specification and claims of the '410 patent; and that a copy of the '410 patent is attached to the Complaint as Exhibit 5. Watson denies that the '410 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '410 patent. Watson denies the remaining averments of Paragraph 9.

10.    Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 6,194,004 ("the '004 patent"), entitled "DRY MIX FORMULATION FOR BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare on February 27, 2001; that the subject matter of the '004 patent purportedly is set forth in the specification and claims of the '004 patent; and that a copy of the '004 patent is attached to the Complaint as Exhibit 6. Watson denies that the '004 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '004 patent. Watson denies the remaining averments of Paragraph 10.

11.    Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 5,994,329 ("the '329 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, Arthur C. Santora, II, and A. John Yates on November 30, 1999; that the subject matter of the '329 patent purportedly is set forth in the specification and claims of the '329 patent; and that a copy of the '329 patent is

attached to the Complaint as Exhibit 7. Watson denies that the '329 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '329 patent. Watson denies the remaining averments of Paragraph 11.

12.    Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 6,015,801 ("the '801 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, A. John Yates, and Arthur C. Santora, II on January 18, 2000; that the subject matter of the '801 patent purportedly is set forth in the specification and claims of the '801 patent; and that a copy of the '801 patent is attached to the Complaint as Exhibit 8. Watson denies that the '801 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the subject matter and claims of the '801 patent. Watson denies the remaining averments of Paragraph 12.

13.    Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the PTO issued U.S. Patent No. 6,225,294 ("the '294 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, Arthur C. Santora, II, and A. John Yates on May 1, 2001; that the subject matter of the '294 patent purportedly is set forth in the specification and claims of the '294 patent; and that a copy of the '294 patent is attached to the Complaint as Exhibit 9. Watson denies that the '294 patent was "duly and legally issued" and further denies that Merck has fully described or accurately characterized the

subject matter and claims of the '294 patent. Watson denies the remaining averments of Paragraph 13.

14.    Watson admits that the records of the PTO and/or the cover pages of the patents-in-suit appear to identify Merck as the assignee of the '941, '590, '726, '207, '401, '004, '329, '801, and '294 patents. Watson further admits that the records of the United States Food and Drug Administration ("FDA") appear to identify Merck as the holder of NDA No. 20-650 for alendronate sodium tablets marketed under the brand name FOSAMAX®. Watson denies the remaining averments of Paragraph 14.

15.    Paragraph 15 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that the drug approval and listing requirements are fully set forth in the applicable provisions of the Federal Food, Drug, and Cosmetic Act and FDA's implementing regulations. Watson denies that Merck has fully described or accurately characterized such requirements. Watson admits that FDA has listed the '941, '590, '726, '207, '401, '004, '329, '801, and '294 patents in FDA's publication entitled *Approved Drug Products With Therapeutic Equivalence Evaluations*, which is also known as the "Orange Book," in connection with FOSAMAX®. Watson denies that such patents are valid and/or properly listed in the Orange Book. Watson denies the remaining averments of Paragraph 15.

16.    Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that certain requirements for what is referred to as pediatric exclusivity are set forth in 21 U.S.C. § 355a(c). Watson denies that Merck has fully described or accurately characterized such requirements. Watson further admits that FDA lists pediatric exclusivity data in the

Orange Book. Watson denies that Merck has fully described or accurately characterized the pediatric exclusivity data for FOSAMAX® tablets. Watson denies the remaining averments of Paragraph 16.

      17.    Admitted.

      18.    Denied.

## COUNT I

      19.    Watson re-asserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

      20.    Denied.

      21.    Watson admits that it was aware of the '941 patent prior to filing ANDA No. 76-768. Watson denies the remaining averments of Paragraph 21.

      22.    Denied.

      23.    Denied.

      24.    Denied.

## COUNT II

      25.    Watson re-asserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

      26.    Denied.

      27.    Watson admits that it was aware of the '590 patent prior to filing ANDA No. 76-768. Watson denies the remaining averments of Paragraph 27.

      28.    Denied.

      29.    Denied.

      30.    Denied.

## COUNT III

31.    Watson re-asserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

32.    Denied.

33.    Watson admits that it was aware of the '726 patent prior to filing ANDA No. 76-768. Watson denies the remaining averments of Paragraph 33.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT IV

37.    Watson re-asserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

38.    Denied.

39.    Watson admits that it was aware of the '207 patent prior to filing ANDA No. 76-768. Watson denies the remaining averments of Paragraph 39.

40.    Denied.

41.    Denied.

42.    Denied.

## COUNT V

43.    Watson re-asserts its responses to Paragraphs 1 through 18 as if fully set forth herein.

44.    Denied.

45.    Watson admits that it was aware of the '410 patent prior to filing ANDA No. 76-768. Watson denies the remaining averments of Paragraph 45.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT VI

49.    Watson re-asserts its responses to Paragraphs 1 through 18 as if

fully set forth herein.

50.    Denied.

51.    Watson admits that it was aware of the '004 patent prior to filing

ANDA No. 76-768. Watson denies the remaining averments of Paragraph 51.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT VII

55.    Watson re-asserts its responses to Paragraphs 1 through 18 as if

fully set forth herein.

56.    Denied.

57.    Watson admits that it was aware of the '329 patent prior to filing

ANDA No. 76-768. Watson denies the remaining averments of Paragraph 57.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT VIII

61.    Watson re-asserts its responses to Paragraphs 1 through 18 as if

fully set forth herein.

62.    Denied.

63.    Watson admits that it was aware of the '801 patent prior to filing

ANDA No. 76-768. Watson denies the remaining averments of Paragraph 63.

64.    Denied.

65.    Denied.

66.    Denied.

## COUNT IX

67.    Watson re-asserts its responses to Paragraphs 1 through 18 as if

fully set forth herein.

68.    Denied.

69.    Watson admits that it was aware of the '294 patent prior to filing

ANDA No. 76-768. Watson denies the remaining averments of Paragraph 69.

70.    Denied.

71.    Denied.

72.    Denied.

## REQUESTED RELIEF

73.    Watson denies that Merck is entitled to the relief requested or to

any relief whatsoever, and prays for judgment in its favor dismissing this action with

prejudice and awarding Watson its attorneys' fees and costs for this action pursuant to 35

U.S.C. § 285, and such other and further relief as the Court may deem just and proper.

Watson further denies all remaining averments not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The manufacture, use, sale, offer for sale, or importation of the
alendronate sodium tablets that are the subject of Watson's ANDA 76-768 have not
infringed, do not infringe, and would not, if marketed, infringe any valid and/or
enforceable claim of the '941, '590, '726, '207, '410, '004, '329, '801, and/or '294
patents.

### Second Defense

The claims of the '941, '590, '726, '207, '410, '004, '329, '801, and '294
patents are invalid for failure to comply with one or more of the conditions for
patentability set forth in Title 35 of the United States Patent Code.

### Third Defense

Merck is collaterally estopped from asserting the validity of the '329
patent against Watson by virtue of the final decision of the United States Court of
Appeals for the Federal Circuit in *Merck & Co. v. Teva Pharmaceuticals, USA, Inc.*, 395
F.2d 1364 (Fed. Cir. 2005), *petition for rehearing and rehearing en banc denied*, 405
F.3d 1338 (Fed. Cir. 2005), *certiorari denied (Oct. 17, 2005)*, which invalidated the
relevant claims of that patent.

### Fourth Defense

Merck is collaterally estopped from asserting the validity of the '801
patent against Watson by virtue of the final decision of the United States Court of
Appeals for the Federal Circuit in *Merck & Co. v. Teva Pharmaceuticals, USA, Inc.*, 395
F.2d 1364 (Fed. Cir. 2005), *petition for rehearing and rehearing en banc denied*, 405

F.3d 1338 (Fed. Cir. 2005), *certiorari denied (Oct. 17, 2005),* which prevents Merck

from asserting the validity of the relevant claims of that patent.

### Fifth Defense

Merck is collaterally estopped from asserting the validity of the '294

patent against Watson by virtue of the final decision of the United States Court of

Appeals for the Federal Circuit in *Merck & Co. v. Teva Pharmaceuticals, USA, Inc.*, 395

F.2d 1364 (Fed. Cir. 2005), *petition for rehearing and rehearing en banc denied,* 405

F.3d 1338 (Fed. Cir. 2005), *certiorari denied (Oct. 17, 2005),* which prevents Merck

from asserting the validity of the relevant claims of that patent.

### Sixth Defense

The Complaint fails to state a claim upon which relief can be granted.

### Seventh Defense

Merck's claims for willful infringement fail to state a claim upon which

relief can be granted.

### COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff, Watson Laboratories, Inc. ("Watson"),

for its Counterclaims against Plaintiff/Counterclaim-Defendant Merck & Co., Inc.

("Merck"), alleges as follows:

### The Parties

1.      Watson is a corporation duly organized under the laws of

Delaware, having its principal office at 311 Bonnie Circle, Corona, California 92880.

2.      Merck is a company organized and existing under the laws of New Jersey, having an office and place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

### Jurisdiction and Venue

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Merck because Merck has availed itself of the rights and privileges of this forum by suing Watson in this District, and because Merck conducts substantial business in, and has regular and systematic contact with, this District.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

### Patents-in-Suit

7.      On October 25, 1994, the United States Patent and Trademark Office ("PTO"), issued U.S. Patent No. 5,358,941 ("the '941 patent"), entitled "DRY MIX FORMULATION FOR BISPHOSPHONIC ACIDS WITH LACTOSE," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare.

8.      On October 28, 1997, the PTO issued U.S. Patent No. 5,681,590 ("the '590 patent"), entitled "DRY MIX FORMULATION FOR BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare.

9.     On December 15, 1998, the PTO issued U.S. Patent No. 5,849,726 ("the '726 patent"), entitled "ANHYDROUS ALENDRONATE MONOSODIUM SALT FORMULATONS," to Gerald S. Brenner, Drazen Ostovic, Earl R. Oberholtzer, Jr., and J. Eric Thies.

10.     On December 28, 1999, the PTO issued U.S. Patent No. 6,008,207 ("the '207 patent"), entitled "ANHYDROUS ALENDRONATE MONOSODIUM SALT FORMULATIONS," to Gerald S. Brenner, Drazen Ostovic, Earl R. Oberholtzer, Jr., and J. Eric Thies.

11.     On July 18, 2000, the PTO issued U.S. Patent No. 6,090,410 ("the '410 patent"), entitled "DRY MIX FORMULATIONS FOR BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare.

12.     On February 27, 2001, the PTO issued U.S. Patent No. 6,194,004 ("the '004 patent") entitled "DRY MIX FORMULATIONS FOR BISPHOSPHONIC ACIDS," to Simon R. Bechard, Kenneth A. Kramer, and Ashok V. Katdare.

13.     On November 30, 1999, the PTO issued U.S. Patent No. 5,994,329 ("the '329 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, Arthur C. Santora, II, and A. John Yates.

14.     On January 18, 2000, the PTO issued U.S. Patent No. 6,015,801 ("the '801 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, Arthur C. Santoria, II, and A. John Yates.

15.     On May 1, 2001, the PTO issued U.S. Patent No. 6,225,294 ("the '294 patent"), entitled "METHOD FOR INHIBITING BONE RESORPTION," to Anastasia G. Daifotis, Arthur C. Santora, II, and A. John Yates.

16.    Merck purports and claims to own, and have the right to enforce, the '941, '590, '726, '207, '410, '004, '329, '801, and '294 patents.

17.    On September 7, 2005, Merck sued Watson in this District alleging infringement of the '941, '590, '726, '207, '410, '004, '329, '801, and '294 patents under 35 U.S.C. § 271 (e)(2)(A).

**Count I**
**(Declaratory Judgment of Non-Infringement of the '941 Patent)**

18.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-17 as if fully set forth herein.

19.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '941 patent.

20.    The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '941 patent.

21.    Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '941 patent.

**Count II**
**(Declaratory Judgment of Invalidity of the '941 Patent)**

22.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-21 as if fully set forth herein.

23.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '941 patent.

24.     The claims of the '941 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

25.     Watson is entitled to a judicial decision that the claims of the '941 patent are invalid.

## Count III
### (Declaratory Judgment of Non-Infringement of the '590 Patent)

26.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-25 as if fully set forth herein.

27.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '590 patent.

28.     The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '590 patent.

29.     Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '590 patent.

## Count IV

### (Declaratory Judgment of Invalidity of the '590 Patent)

30.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-29 as if fully set forth herein.

31.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '590 patent.

32.     The claims of the '590 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

33.     Watson is entitled to a judicial decision that the claims of the '590 patent are invalid.

## Count V
### (Declaratory Judgment of Non-Infringement of the '726 Patent)

34.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-33 as if fully set forth herein.

35.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '726 patent.

36.     The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '726 patent.

37.     Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are

subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '726 patent.

## Count VI
### (Declaratory Judgment of Invalidity of the '726 Patent)

38.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-37 as if fully set forth herein.

39.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '726 patent.

40.    The claims of the '726 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

41.    Watson is entitled to a judicial decision that the claims of the '726 patent are invalid.

## Count VII
### (Declaratory Judgment of Non-Infringement of the '207 Patent)

42.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-41 as if fully set forth herein.

43.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '207 patent.

44.    The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '207 patent.

-18-

45.     Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '207 patent.

### Count VIII
### (Declaratory Judgment of Invalidity of the '207 Patent)

46.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-45 as if fully set forth herein.

47.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '207 patent.

48.     The claims of the '207 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

49.     Watson is entitled to a judicial decision that the claims of the '207 patent are invalid.

### Count IX
### (Declaratory Judgment of Non-Infringement of the '410 Patent)

50.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-49 as if fully set forth herein.

51.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '410 patent.

52.     The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not

infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '410 patent.

53.    Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '410 patent.

## Count X
### (Declaratory Judgment of Invalidity of the '410 Patent)

54.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-53 as if fully set forth herein.

55.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '410 patent.

56.    The claims of the '410 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

57.    Watson is entitled to a judicial decision that the claims of the '410 patent are invalid.

## Count XI
### (Declaratory Judgment of Non-Infringement of the '004 Patent)

58.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-57 as if fully set forth herein.

59.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '004 patent.

60.     The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '004 patent.

61.     Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '004 patent.

### Count XII
### (Declaratory Judgment of Invalidity of the '004 Patent)

62.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-61 as if fully set forth herein.

63.     There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '004 patent.

64.     The claims of the '004 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

65.     Watson is entitled to a judicial decision that the claims of the '004 patent are invalid.

### Count XIII
### (Declaratory Judgment of Non-Infringement of the '329 Patent)

66.     Watson re-asserts and re-alleges each of the foregoing paragraphs 1-65 as if fully set forth herein.

67.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '329 patent.

68.    The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '329 patent.

69.    Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '329 patent.

## Count XIV
### (Declaratory Judgment of Invalidity of the '329 Patent)

70.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-69 as if fully set forth herein.

71.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '329 patent.

72.    The claims of the '329 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

73.    Watson is entitled to a judicial decision that the claims of the '329 patent are invalid.

## Count XV
### (Declaratory Judgment of Non-Infringement of the '801 Patent)

74. Watson re-asserts and re-alleges each of the foregoing paragraphs 1-73 as if fully set forth herein.

75. There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '801 patent.

76. The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '801 patent.

77. Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '801 patent.

## Count XVI
### (Declaratory Judgment of Invalidity of the '801 Patent)

78. Watson re-asserts and re-alleges each of the foregoing paragraphs 1-77 as if fully set forth herein.

79. There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '801 patent.

80. The claims of the '801 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

81.    Watson is entitled to a judicial decision that the claims of the '801 patent are invalid.

### Count XVII
### (Declaratory Judgment of Non-Infringement of the '294 Patent)

82.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-81 as if fully set forth herein.

83.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the non-infringement of the '294 patent.

84.    The manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '294 patent.

85.    Watson is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the alendronate sodium tablets that are subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '294 patent.

### Count XVIII
### (Declaratory Judgment of Invalidity of the '294 Patent)

86.    Watson re-asserts and re-alleges each of the foregoing paragraphs 1-85 as if fully set forth herein.

87.    There is an actual, substantial, and continuing justiciable case or controversy between Watson and Merck regarding the invalidity of the '294 patent.

88.   The claims of the '294 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

89.   Watson is entitled to a judicial decision that the claims of the '294 patent are invalid.

### Prayer for Relief

WHEREFORE, Watson respectfully prays for judgment in its favor and against Plaintiff:

(a)   Declaring that the manufacture, use, sale, offer for sale, or importation of the alendronate sodium tablets that are the subject of Watson's ANDA No. 76-768 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claims of the '941, '590, '726, '207, '410, '004, '329, '801, and '294 patents;

(b)   Declaring that the claims of the '941, '590, '726, '207, '410, '004, '329, '801, and '294 patents are invalid;

(c)   Ordering that Merck's Complaint be dismissed with prejudice and judgment entered in favor of Watson;

(d)   Declaring this case exceptional and awarding Watson its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(e)   Awarding Watson such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Watson hereby demands a trial by jury as to all issues so triable.

Dated: October 19, 2005

BIFFERATO GENTILOTTI BIDEN & BALICK

Adam Balick (ID # 2718)
Joanne Ceballos (ID# 2854)
711 King Street
Wilmington, Delaware  19801
(302) 658-4265

Of Counsel:
Robert F. Green
Steven H. Sklar
LEYDIG, VOIT & MAYER, LTD.
2 Prudential Plaza
Suite 4900
Chicago, IL  60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

**Attorneys for Watson Laboratories, Inc.**