IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MERCK & CO., INC.,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )       C.A. No. 05-658 (JJF)
                                        )
WATSON LABORATORIES, INC.,              )
                                        )
            Defendant.                  )
_____     )

**MERCK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION IN LIGHT OF MERCK'S COVENANT NOT TO SUE**

Plaintiff Merck & Co., Inc. hereby moves the Court for an order in the form

attached (Exhibit A) dismissing this action for lack of subject matter jurisdiction because the

covenant not to sue that Merck has given Watson Laboratories, Inc. (Exhibit B) renders moot the

controversy between the parties. *Super Sack Manf. Corp. v. Chase Packaging Corp.*, 57 F.3d

1054 (Fed. Cir. 1995).

**BACKGROUND**

Merck filed this ANDA patent infringement action against Watson on

September 7, 2005 based on a Paragraph IV certification letter from Watson to Merck dated

July 27, 2005.  Watson's certification letter indicated:  that Watson had filed ANDA No. 76-768

directed to a generic version of Merck's FOSAMAX® tablets with certain dosages of alendronate

sodium; that Watson intended to market such tablets before the expiration of nine Merck patents

listed in the FDA's Orange Book in connection with FOSAMAX®;  and that the ANDA certified

that the nine patents are invalid, unenforceable and/or will not be infringed by the commercial

manufacture, use, or sale of Watson's alendronate sodium tablets before their expiration.[1] Merck's complaint alleged patent infringement by Watson of the nine patents pursuant to 35 U.S.C. § 271(e)(2)(A) based on Watson's filing of the ANDA.  On October 19, 2005, Watson answered the complaint by denying the infringement allegations and asserting counterclaims seeking a declaration of invalidity and noninfringement of the nine patents.  Merck answered Watson's counterclaims on January 6, 2006[2] and the parties submitted a proposed scheduling order to the Court on January 13, 2006, which was entered by this Court on January 18, 2006.

One of the patents that was the subject of the Certification (and the complaint and answer), the '329 patent, has previously been the subject of litigation before this Court and the Court of Appeals for the Federal Circuit in a case brought by Merck against Teva Pharmaceuticals USA.  In that case, this Court held the two claims at issue from the '329 patent valid, enforceable and infringed.[3]   That judgment was reversed by the Federal Circuit (erroneously in Merck's view) on January 28, 2005 (rehearing and rehearing en banc denied April 21, 2005).  Merck sought a writ of certiorari in the U.S. Supreme Court of the Federal Circuit's decision, but that writ was denied on October 17, 2005.

---

[1]    The nine patents are U.S. Patent Nos. 5,358,941, 5,681,590, 5,849,726, 6,008,207, 6,090,410, 6,194,004, 5,994,329 ("'329"), 6,015,801 and 6,225,294.

[2]    Merck did not answer Watson's counterclaims until January 6, 2006, as Merck sought to avoid unnecessary work and expenses preparing pleadings while Merck sought to get Watson's agreement to its proposed papers (or any proposal for reasonable changes).

[3]    Merck also had sued Teva in an earlier case for patent infringement of U.S. Patent No. 4,621,077 in connection with Teva's efforts to market alendronate sodium.  That patent was held by this Court, in a judgment upheld by the Federal Circuit, to be valid and infringed by Teva.

## MERCK'S COVENANT NOT TO SUE

Shortly after the denial of its petition for a writ of certiorari, Merck decided that it would not pursue its complaint against Watson, and sought to work out with Watson papers to effectuate a dismissal.  Merck proposed to Watson's litigation counsel that Merck give Watson a covenant not to sue and that the parties stipulate to a dismissal with prejudice; Merck provided drafts of those documents for Watson's consideration on November 3, 2005 (Exhibit C).  The proposed documents provided for Merck's covenant not to sue Watson for infringement of the nine patents in suit based on the importation, manufacture, use, sale, or offer for sale of the alendronate sodium tablets of Watson's ANDA.  Merck proposed to covenant not to sue Watson for the product that was the subject of Watson's ANDA and this litigation, and explicitly confirmed that the proposed covenant would have no bearing upon whether the filing of the ANDA in fact infringed the patents or upon the validity or enforceability of the patents.  The proposed form of stipulation of dismissal referenced the covenant not to sue and provided for a dismissal with prejudice, with each party to bear its own costs and attorneys' fees, and for notification to Merck of any changes to Watson's formulation.

Watson's counsel responded that Watson wanted a consent judgment, rather than a covenant not to sue, and sent a draft Consent Judgment to Merck on December 6, 2005 (Exhibit D).  The draft Consent Judgment was unacceptable to Merck, however, because it provided for a judgment that the alendronate sodium product of Watson's ANDA "does not infringe any valid claim" of the nine patents.  On December 12, Merck's counsel wrote to Watson to say that Merck could not agree to the Consent Judgment and reiterated that Merck was willing to provide Watson with a covenant not to sue and dismissal with prejudice (Exhibit E).  As Merck noted, that approach would leave Watson in a secure position as long as Watson used the formulation identified in the portions of its ANDA produced to Merck and would moot the

controversy between the parties. Merck also expressed its desire to discuss any concerns Watson might have about the forms of papers that Merck proposed, which Merck reiterated on December 29 when it had received no response to its December 12 request (Exhibits E, F).

Since that time, Merck has continued to try to finalize forms of papers that would be acceptable to Watson, but without a consent judgment, which is something to which Watson has no right. Merck has cited to Watson the controlling precedent of the Federal Circuit, including *Super Sack*, that renders this action moot based on Merck's covenant not to sue and that therefore establishes that Watson has no right to the consent judgment it seeks (Exhibit G).

Despite the extra time given to Watson, Merck has not been able to get Watson's agreement to the form of Merck's proposed papers or even any basis from Watson as to how this action could proceed in the face of Merck's covenant not to sue. Accordingly, Merck executed and gave to Watson on February 3, 2006 (Exhibit G) the covenant not to sue attached hereto as Exhibit B. Merck requested in this same letter that Watson either agree to a dismissal or provide Merck with Watson's basis for seeking to maintain the case in light of *Super Sack*. Watson has not responded to Merck's February 3 request. However, in a letter that was sent at the same time as Merck's letter, Watson asserted that "Merck continues to assert that the '329, '801 and '294 patents are valid and infringed by Watson," that Watson views Merck's complaint "as frivolous" and that Watson "intend[s] on filing a motion for summary judgment of invalidity and noninfringement" (Exhibit H). Because of Watson's refusal to agree to a dismissal or to provide any reasons this case can be maintained in light of the signed covenant, Merck is filing the present motion.

As a result of Merck's covenant not to sue, this action is moot and the Court lacks subject matter jurisdiction over the controversy. *See Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631 (Fed. Cir. 1991); *Super Sack v. Chase,* 57 F.3d 1054 (Fed. Cir. 1995). In particular,

- 4 -

there is no subject matter jurisdiction for the entry of a declaratory judgment of noninfringement as requested by Watson, because Merck's covenant not to sue moots Watson's counterclaims. *Super Sack*, 57 F.3d at 1059 (Although defendant "may have some cause to fear an infringement suit under the [patents in suit] based on products that it may develop in the future," there is no subject matter jurisdiction over defendant's counterclaims where plaintiff's covenant not to sue removed any "cause for concern that [defendant] can be held liable for any infringing acts involving products that it made, sold, or used on or before [the date of the covenant not to sue].").  As in *Super Sack*, Merck's covenant not to sue has removed any cause for concern that Watson could be held liable for infringement of the patents in suit in connection with its ANDA tablets in the forms they now exist (which Watson has represented are reflected in the portions of its ANDA produced to Merck).  Thus, the Court lacks subject matter jurisdiction over this action, including Watson's counterclaims, and the action should be dismissed.

## <u>CONCLUSION</u>

Accordingly, Merck requests that the Court enter its proposed form of dismissal (Exhbit A) at the Court's earliest convenience.  If Watson will continue to resist entry of a dismissal for lack of subject matter jurisdiction based on Merck's covenant not to sue, Merck reserves its right to seek costs and attorneys' fees.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____

Mary B. Graham (# 2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Merck & Co., Inc.*

OF COUNSEL:

John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
HOWREY, LLP
750 Bering Drive
Houston, TX 77057-2198
713.787.1400

Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ  08889-0100

Edward W. Murray
Gerard M. Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907
732.594.4000

Dated:  February 16, 2006
506581

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Adam Balick, Esquire
> BIFFERATO GENTILOTTI BIDEN & BALICK
> 711 King Street
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 16, 2006 upon the following individuals in the manner indicated:

### BY HAND

Adam Balick, Esquire
BIFFERATO GENTILOTTI BIDEN & BALICK
711 King Street
Wilmington, DE  19801

### BY FEDERAL EXPRESS

Robert F. Green, Esquire
LEYDIG, VOIT & BAYER, LTD.
2 Prudential Plaza, Suite 4900
Chicago, IL  60601


*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)