IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-658 (GMS) |
| ) | |
| WATSON LABORATORIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MERCK'S RESPONSE TO WATSON'S MOTION FOR EXTENSION OF TIME

Watson at the end of the day on Friday, March 3, 2006, the due date for its response to Merck's Motion To Dismiss (D.I. 17), asked the Court for an extension of two weeks for its response (or, alternatively, for an extension of two days to March 7). If there were a need for a courtesy extension, Merck would of course have agreed to such an extension. (In fact, Merck volunteered that it would give a courtesy extension if needed.) Watson, however, is not asking for a courtesy extension, but rather for delay as a result of alleged "ongoing" business "negotiations" that "if successful, would resolve this action." (D.I. 18, p.2) Watson's requested two-week delay will only unnecessarily continue the burden to Merck and the judicial system from Watson's delay of the dismissal already of the last four months, as there is nothing to discuss in the way of a business matter that could possibly impact Merck's dismissal of its own lawsuit; the case is already moot due to Merck's covenant not to sue and there is nothing substantive left to settle. Moreover, substantive business negotiations simply have not occurred and Merck has no interest in negotiations with Watson.[1]

---

[1] Notably, Watson did not even approach Merck with any alleged business proposition relating to generic co-exclusivity until last week, long after Merck told Watson it would give a covenant not to sue and well after Merck filed its motion to dismiss. In any event, as noted, Merck has no interest in such a proposition or in negotiating with Watson.

Merck has been trying to effectuate the dismissal of this ANDA patent infringement action for four months, since informing Watson on November 3, 2005 that it would give Watson a covenant not to sue.[2] At that time, the only action in the case had been the filing of the complaint and answer. As described in Merck's motion to dismiss, Merck tried to negotiate any concerns over form, but that effort failed because Watson insisted on a consent judgment, to which it had no right. Merck then proceeded a month ago on February 3 to give Watson an executed covenant not to sue, and cited to Watson the controlling precedent that this case is now moot and that the Court lacks subject matter jurisdiction over the controversy, *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631 (Fed. Cir. 1991) and *Super Sack v. Chase,* 57 F.3d 1054 (Fed. Cir. 1995). When Watson refused nonetheless to stipulate to a dismissal (although citing no law to support that it has a right for this moot action to continue), Merck moved two weeks ago to dismiss the case for lack of case or controversy.

It remains our position, as we informed Watson last week when it asked us for a two-week extension, that Watson should not be granted a two-week extension and should come forward at this time with whatever arguments it will make, if any, as to why as a legal matter this case should possibly proceed when Merck has given Watson a covenant not to sue. Merck has

---

[2] One of the patents that was the subject of Watson's ANDA Certification for a generic of Merck's once-weekly Fosamax drug (and that Merck asserted in the complaint), has previously been the subject of litigation before this Court and the Court of Appeals for the Federal Circuit in a case brought by Merck against Teva Pharmaceuticals USA in Delaware. In that case, this Court held the two claims at issue from that patent valid, enforceable and infringed. That judgment was reversed by the Federal Circuit (erroneously in Merck's view) on January 28, 2005 (rehearing and rehearing en banc denied April 21, 2005). Merck sought a writ of certiorari in the U.S. Supreme Court of the Federal Circuit's decision, but that writ was denied on October 17, 2005. Merck shortly thereafter decided that it would not pursue the present action against Watson. (The Federal Circuit has upheld a determination of this Court that an earlier patent covering Fosamax was valid and infringed by Teva in a separate case between Merck and Teva.)

already been burdened far too long by Watson's failure to agree to dismiss this case. As far as Watson's alternative request for an extension of two days to March 7, Watson did not ask us before filing its motion about such a two-day extension and we take no position on that request now, as we view the question of whether a two-day extension should be given a party who puts itself in default by choosing to wait until 4:54 p.m. on the Friday its brief is due to move for an extension of time (when there is no reason relating to need or asserted extenuating circumstances to justify the tardy request) to be primarily a matter for the Court.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| John F. Lynch | */s/ Mary B. Graham* |
| Nicolas G. Barzoukas | _____ |
| Suzy S. Harbison | Mary B. Graham (# 2256) |
| Jason C. Abair | James W. Parrett, Jr. (#4292) |
| HOWREY, LLP | 1201 North Market Street |
| 750 Bering Drive | P.O. Box 1347 |
| Houston, TX 77057-2198 | Wilmington, DE 19899-1347 |
| 713.787.1400 | 302.658.9200 |
| | |
| Paul D. Matukaitis | *Attorneys for Plaintiff* |
| MERCK & CO., INC. | *Merck & Co., Inc.* |
| One Merck Drive | |
| Whitehouse Station, NJ 08889-0100 | |

Edward W. Murray
Gerard M. Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907
732.594.4000

Dated: March 6, 2006
509365

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Adam Balick, Esquire
> BIFFERATO GENTILOTTI BIDEN & BALICK
> 711 King Street
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 6, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FACSIMILE** |
|---|---|
| Adam Balick, Esquire<br>BIFFERATO GENTILOTTI BIDEN & BALICK<br>711 King Street<br>Wilmington, DE  19801 | Steven H. Sklar, Esquire<br>LEYDIG, VOIT & BAYER, LTD.<br>2 Prudential Plaza, Suite 4900<br>Chicago, IL  60601 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)