IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-658 (GMS) |
| v. | ) |
| | ) |
| WATSON LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## WATSON'S MOTION FOR LEAVE
## TO FILE A MOTION FOR SUMMARY JUDGMENT

Defendant Watson Laboratories, Inc. ("Watson"), hereby moves for leave to file a motion for summary judgment on all counts for patent infringement in the Complaint of Plaintiff Merck & Co., Inc. ("Merck")(Counts I-IX of Merck's Complaint), and on all counts of Watson's Counterclaims, which seek a declaratory judgment of non-infringement and invalidity (Counts I-XVIII of Watson's Counterclaims). In support of this Motion, Watson states as follows:

1. Pursuant to Paragraph 6 of the Scheduling Order (Docket Item No. 13), the parties are required to obtain leave of Court to file a case dispositive motion more than ten days prior to the close of fact discovery. Watson's filing of a summary judgment motion is appropriate and, indeed, necessary, due to Merck's failure to enter into a Consent Judgment (as further explained in Watson's Answering Brief in Opposition to Merck's Motion to Dismiss for Lack of Subject Matter Jurisdiction, which is being filed concurrently with this Motion).

2. The present record is sufficiently developed and clear for the Court to consider Watson's motion for summary judgment of noninfringement and invalidity of all nine of the

1

patents-in-suit. Because there are no genuine issues of material fact concerning either infringement or validity of these patents, summary judgment is proper. By offering Watson a covenant not to sue, Merck apparently agrees that no genuine issues of material fact exist as to infringement or invalidity. As there is no need to conduct fact or expert discovery, the case is ripe for summary judgment.

3. As Watson wishes to further explain in a summary judgment motion, prior to filing this action, Merck was provided with detailed information regarding Watson's proposed alendronate sodium tablets. This information is sufficient to establish that the patents in Counts I-VI of the Complaint and Counts I-XII of the Counterclaims are not infringed.[1] Watson's alendronate sodium tablets do not contain one or more excipients as required by the '941, '590, '410, and '004 patents. Watson's alendronate sodium tablets also do not contain anhydrous alendronate sodium as required by the '726 and '207 patents. Accordingly, Watson's alendronate sodium tablet formulations are substantially different from the compositions claimed in these patents, and therefore, do not infringe the claims thereof either literally or under the doctrine of equivalents.

4. Moreover, Merck's allegations of infringement of the once-weekly dosing regimen patents in Counts VII-IX of the Complaint and Counts XIII-XVII of the Counterclaims relate to claims that are either invalid or do not cover Watson's alendronate sodium tablets.[2] Claims 23 and 37 of the '329 patent were previously held invalid by the U.S. Court of Appeals

---

[1] The patents at issue in Counts I-VI of Merck's Complaint include U.S. Patents 5,358,941 (Count I), 5,681,590 (Count II), 5,894,726 (Count III), 6,008,207 (Count IV), 6,090,410 (Count V) and 6,194,004 (Count VI). The same six patents are the subject of Counts I-XII of Watson's Counterclaims.

[2] The patents at issue in Counts VII-IX of the Complaint include U.S. Patents 5,994,329 (Count VII), 6,015,801 (Count VIII), and 6,225,294 (Count IX). These same three patents are the subject of Counts XIII-XVIII of Watson's Counterclaims.

2

for the Federal Circuit in *Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005). The remaining claims of the '329 patent, as well as claims of the '801 and '294 patents, that cover the once-weekly administration of alendronate are likewise invalid in view of the Federal Circuit's decision in *Merck v. Teva*. These claims are broader in scope than the claims at issue in *Merck v. Teva* and, therefore, are invalid as obvious for the same reasons relied on by the Federal Circuit. With the Court's permission, Watson would demonstrate that it is entitled to summary judgment that Merck is barred by collateral estoppel from asserting claims of infringement against Watson of invalid claims of the '329, '801 and '294 patents.

5. Watson would also demonstrate that other claims of the '329, '801 and '294 patents either do not cover the active ingredient alendronate or are directed to tablet strengths that are beyond the scope of Watson's Abbreviated New Drug Application. Thus, Watson's alendronate sodium tablets do not infringe these claims either literally or under the doctrine of equivalents.

6. In sum, the present record demonstrates that the claims of the patents-in-suit in Counts I-IX of the Complaint and Counts I-XVIII of the Counterclaims either do not cover Watson's alendronate sodium tablets or are invalid. Accordingly, Watson requests leave to file a motion for summary judgment of noninfringement and invalidity, which motion Watson is prepared to file within two weeks of the Court's entry of an order, in the form attached hereto, granting Watson's Motion for Leave to File a Motion for Summary Judgment.

7. In accordance with Local Rule 7.1.1, counsel for Watson has made a reasonable effort to reach agreement with opposing counsel on the subject of this motion. Counsel for Merck has not consented to Watson's filing of a motion for summary judgment more than ten days prior to the close of fact discovery.

                        BIFFERATO GENTILOTTI BIDEN & BALICK

                        */s/ Adam Balick*
                        Adam Balick (ID # 2718)
                        Joanne Ceballos (ID# 2854)
                        711 King Street
                        Wilmington, DE  19801
                        (302) 429-1900

Of Counsel:
Robert F. Green
Steven H. Sklar
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601-6780
Voice:  (312) 616-5600
Facsimile:  (312) 616-5700

**Attorneys for Watson Laboratories, Inc.**

Dated:  March 8, 2006

IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MERCK & CO., INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 05-658-GMS |
| | ) | |
| **WATSON LABORATORIES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION
FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

**AND NOW** this _____ day of _____, 2006, the Court having considered Watson's Motion for Leave to File a Motion for Summary Judgment,

**IT IS HEREBY ORDERED** that Watson is granted leave to file a Motion for Summary Judgment and Opening Brief in support thereof no later than two weeks from the date of this Order.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Adam Balick, hereby certify that on this 8th day of March, 2006, a copy of the foregoing Motion for Leave to File a Motion for Summary Judgment of Watson Laboratories, Inc. was served on counsel for Plaintiff as follows:

**VIA ELECTRONIC MAIL**

Mary B. Graham
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801
mgraham@mnat.com


John F. Lynch
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057
lynchj@howrey.com


**VIA U.S. MAIL**

Paul D. Matukaitis
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
Merck & Co., Inc.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907


_____
Adam Balick