LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA, SUITE 4900

CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 521-5985
FACSIMILE: (206) 224-3557

February 3, 2006

*Via Facsimile*
*Confirmation Via Mail*

Suzy Harbison, Esq.
Howrey LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002

Re:  *Merck & Co., Inc. v. Watson Laboratories, Inc.*
     Civil Action No. 05-658 (D. Del.)

Dear Suzy:

We are writing with respect to Merck's allegation of infringement of the once-weekly dosing regimen patents, specifically U.S. Patents 5,994,329, 6,015,801 and 6,225,294. As you know, claims 23 and 37 of the '329 patent were held invalid by the U.S. Court of Appeals for the Federal Circuit in *Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005). Merck's subsequent appeal to the U.S. Supreme Court has been denied.

There is no dispute that claims 23 and 37 of the '329 patent are invalid. Likewise, it cannot be disputed that claims 1-4, 6-9, 16-19, 21-23, 30-33, 35-37 and 44 of the '329 patent as well as claims 1-4, 6-8, 10, 15-18 and 20-22 of the '801 patent and claims 1-20 and 39-67 of the '294 patent that also relate to the once-weekly administration of alendronate are invalid in view of the Federal Circuit's decision in *Merck v. Teva*. These claims are all broader in scope than the claims at issue in *Merck v. Teva* and, thus, are obvious for the same reasons relied on by the Federal Circuit. The remaining claims of the '329, '801 and '294 patents either do not cover the active ingredient alendronate or are directed to non-approved strengths and, thus, are not infringed by Watson's alendronate sodium tablets.

Suzy Harbison, Esq.
February 3, 2006
Page 2

    Despite the finding of invalidity by the Federal Circuit in *Merck v. Teva*, Merck continues to assert that the '329, '801 and '294 patents are valid and infringed by Watson. Watson views Counts VII-IX of Merck's Complaint as frivolous. Accordingly, we intend on filing a motion for summary judgment of invalidity and noninfringement with respect to Counts VII-IX.[1] Because this summary judgment motion will be filed more than 10 days before the close of fact discovery, we will request the Court's permission as required by Paragraph 6 of the Scheduling Order entered in this action.

    Please advise whether Merck consents to Watson's request to file a motion for summary judgment. We would appreciate your response by Tuesday, February 7th so that we can promptly notify the Court.

                                   Very truly yours,

                                   LEYDIG, VOIT & MAYER, LTD.

                                   Steven H. Sklar

---

[1] Merck's allegations infringement in Counts I-VI similarly lack merit. Watson intends on moving for summary judgment with respect to Counts I-VI prior to the deadline set forth in the Scheduling Order.