IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-658 (GMS) |
| ) | |
| WATSON LABORATORIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF MERCK & CO., INC.'S OPPOSITION TO
WATSON LABORATORIES' MOTION FOR LEAVE
TO FILE A MOTION FOR SUMMARY JUDGMENT**

Plaintiff Merck & Co., Inc. ("Merck") submits this opposition to the motion for leave to file a motion for summary judgment filed by Watson Laboratories, Inc. ("Watson").

**INTRODUCTION**

As described in the briefs submitted by Merck in support of its motion to dismiss for lack of subject matter jurisdiction, subject matter jurisdiction no longer exists in this case. (D.I. 17 and 23). Therefore, there is no basis to consider a summary judgment motion as to whether Merck's patents are invalid or not infringed.

**ARGUMENT**

Merck has granted Watson a covenant not to sue with respect to all of the patents in suit and seeks dismissal of this action with prejudice. Subject matter jurisdiction in this matter has therefore been divested from this Court and Watson cannot meet its burden of establishing that subject matter jurisdiction over its declaratory judgment action still exists. *See Super Sack Manf. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995); *see also Sierra Applied Scis. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361 (Fed. Cir. 2004); *Apotex, Inc. v. Pfizer Inc.*,

2005 WL 821393 (Fed. Cir. April 11, 2005). This Court does not have jurisdiction to enter any order concerning the validity or infringement of Merck's patents in this matter, and should dismiss the case with prejudice. Therefore, there is no basis for this Court to provide Watson with the relief it seeks. *See Inline Connection Corp. v. Atlantech Online, Inc.*, 2004 WL 74622, at \*769 (Fed. Cir. January 16, 2004). To force Merck to dedicate additional time and resources responding to motions for summary judgment when subject matter jurisdiction has been divested from this Court is unnecessary and wasteful.

Contrary to Watson's incorrect assertions, a covenant not to sue is not an admission that Merck's patents are invalid or not infringed. Merck's granting of the covenant not to sue and its seeking of a dismissal of this case with prejudice have no bearing on the issues of infringement and validity of any claims of Merck's patents. The covenant not to sue is just that; it cannot be construed as an admission of anything. As the exhibits to Merck's motion to dismiss for lack of subject matter jurisdiction show, Merck refused to agree to any document which provided that the patents were not valid or not infringed. Further, the covenant explicitly states that it has no bearing on the issues of validity or infringement. To suggest that "there are no genuine issues of material fact concerning either infringement or validity" of the patents-in-suit is incorrect. Merck does not agree and has never done anything to give Watson the impression that any claims of the patents-in-suit are invalid or not infringed other than the two claims of Merck's patent no. 5,994,329 invalidated by the Federal Circuit in 2005. *See Merck & Co., Inc. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364.

**CONCLUSION**

For all of the reasons described above and in Merck's papers supporting its motion to dismiss for lack of subject matter jurisdiction, Merck respectfully requests that Watson's motion for leave to file a motion for summary judgment be denied. Watson has failed to meet its burden of proof that subject matter jurisdiction remains in this matter or that a covenant not to sue entitles Watson to the relief it ultimately seeks. Forcing Merck to expend the resources to respond to Watson's motions for summary judgment is unnecessary and unjust where no subject matter jurisdiction remains in this case.

|  |  |
|---|---|
| OF COUNSEL:<br><br>John F. Lynch<br>HOWREY, LLP<br>750 Bering Drive<br>Houston, TX  77057-2198<br>713.787.1400<br><br>Nicolas G. Barzoukas<br>Suzy S. Harbison<br>Jason C. Abair<br>WEIL, GOTSHAL & MANGES<br>700 Louisiana, Suite 1600<br>Houston, TX  77002<br>713.546.5000<br><br>Paul D. Matukaitis<br>MERCK & CO., INC.<br>One Merck Drive<br>Whitehouse Station, NJ  08889-0100<br>908.423.1000<br><br>Edward W. Murray<br>Gerard M. Devlin<br>MERCK & CO., INC.<br>126 E. Lincoln Avenue RY28-320<br>Rahway, NJ  07065-0907<br>732.594.4000 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ James W. Parrett, Jr.*<br>_____<br>Mary B. Graham (# 2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>302.658.9200<br><br>  *Attorneys for Plaintiff*<br>  *Merck & Co., Inc.* |

Dated:  March 22, 2006
512630

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Adam Balick, Esquire
> BIFFERATO GENTILOTTI BIDEN & BALICK
> 711 King Street
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 22, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FACSIMILE** |
|---|---|
| Adam Balick, Esquire<br>BIFFERATO GENTILOTTI BIDEN & BALICK<br>711 King Street<br>Wilmington, DE  19801 | Steven H. Sklar, Esquire<br>LEYDIG, VOIT & BAYER, LTD.<br>2 Prudential Plaza, Suite 4900<br>Chicago, IL  60601 |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)