IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. 05-658 (GMS) |
| v. | ) |
| | ) |
| WATSON LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**WATSON'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO
FILE A MOTION FOR SUMMARY JUDGMENT**

Adam Balick (ID 2718)
Joanne Ceballos (ID 2854)
BIFFERATO, GENTILOTTI, BIDEN & BALICK
711 King Street
Wilmington, DE 19801
(302) 429-1900

Robert F. Green
Steven H. Sklar
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780
Voice: (312) 616-5600
Facsimile: (312) 616-5700

Attorneys for Defendant
**WATSON LABORATORIES, INC.**

Dated: March 29, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….……..ii

INTRODUCTION  …………………………………………………………………….....1

ARGUMENT

I. THIS COURT CONTINUES TO HAVE SUBJECT MATTER JURISDICTION OVER THE PARTIES' DISPUTE……………………….…………………………………2

II. SUMMARY JUDGMENT IS APPROPRIATE TO RESOLVE THE MERITS OF WATSON'S NONINFRINGEMENT AND INVALIDITY AFFIRMATIVE DEFENSES AND COUNTERCLAIMS..……………………….……..…………4

CONCLUSION………………………………………………………….…………..6

EXHIBIT A………………………………………………………………………Attached

EXHIBIT B……………………………………………………………………....Attached

# TABLE OF AUTHORITIES

## CASES

*Inline Connection Corp. v. Atlantech Online, Inc.*,
   2004 WL 74622 (Fed. Cir. Jan. 16, 2004)..................................................4

*Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.*,
   395 F.3d 1364 (Fed. Cir. 2005) *petition for rehearing and rehearing en banc denied*,
   405 F.3d 1338 (Fed. Cir. 2005), *certiorari denied* (Oct. 17, 2005) ................... 2, 5

*Minnesota Mining & Mfg. Co. v. Barr Laboratories, Inc.*,
   139 F.Supp.2d 1109 (D. Minn. 2001),
   *aff'd*, 289 F.3d 775 (Fed. Cir. 2002)........................................................3

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995)..................................................................3

*Teva Pharmaceuticals, USA, Inc. v. U.S. Food and Drug Admin.*,
   2006 WL 644903 (C.A.D.C. Mar. 16, 2006) ..............................................3

## RULES AND STATUTES

21 U.S.C. § 355 (j)(5)(B)(iv)(II).......................................................................3

35 U.S.C. § 271(e)(2)....................................................................................3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>WATSON LABORATORIES, INC.,<br><br>Defendant. | C.A. 05-658 (GMS) |

**WATSON'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OF <u>INVALIDITY AND NONINFRINGEMENT</u>**

Defendant Watson Laboratories, Inc. ("Watson") submits this reply brief in support of its Motion for Leave to File a Motion for Summary Judgment of Invalidity and Noninfringement.[1]

## INTRODUCTION

This Court continues to have subject matter jurisdiction over the claims of infringement by Merck & Co., Inc. ("Merck") in its complaint as well as Watson's counterclaims. The purported covenant not to sue does not eliminate the parties' dispute as initially explained in Watson's opposition to Merck's motion to dismiss. (D.I. 22). Merck's opposition to this motion (D.I. 24) only serves to confirm that, at a minimum,

---

[1] Watson notes that in about three weeks, the present motion will be moot. Pursuant to the Scheduling Order (D.I. 13 at 3 (¶6)), Watson may file a summary judgment motion as early as April 18, 2006 without leave of court. Case dispositive motions are permitted within 10 days of the close of fact discovery on April 28, 2006.

the parties strongly disagree over the proper form of dismissal of this action for patent infringement under the Hatch-Waxman Act.

Because subject matter jurisdiction exists, this action should proceed. The most appropriate way to resolve the merits of the issue of patent infringement is by way of summary judgment. As Merck admits, two claims of U.S. Patent 5,994,329 have previously been invalidated by the Federal Circuit (prior to the filing of this action). *See Merck & Co., Inc. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005). The remaining claims of this patent as well as the other patents-in-suit are similarly either invalid in view of the Federal Circuit's decision or not infringed. Accordingly, Watson's Motion for Leave to File a Motion for Summary Judgment of invalidity and noninfringement should be granted.

## ARGUMENT

### I. THIS COURT CONTINUES TO HAVE SUBJECT MATTER JURISDICTION OVER THE PARTIES' DISPUTE

Merck erroneously contends that its covenant not to sue has divested this Court of subject matter jurisdiction. Even if the covenant is legally valid (which Watson contends is not the case), a dispute remains over the proper form of dismissal. (D.I. 17, Exh. A; D.I. 22, Exh. F). Merck wants a dismissal with prejudice. (D.I. 17, Exh. A). In contrast, Watson contends that an order that its proposed alendronate product "does not infringe any valid claim" of the patents-in-suit is appropriate. (D.I. 22, Exh. F). Merck does not concede in any way that the patents-in-suit are either invalid or not infringed (apart from the two claims invalidated by the Federal Circuit). (D.I. 24 at 2).

This dispute over the form of dismissal is precisely the type of dispute that supports continued subject matter jurisdiction in an action for patent infringement

brought pursuant to the Hatch-Waxman Act, specifically 35 U.S.C. § 271(e)(2). The Federal Circuit previously recognized the existence of jurisdiction in *Minnesota Mining and Mfg. Co. v. Barr Labs., Inc.*, 289 F.3d 775 (Fed. Cir. 2002) ("*3M*"), another Hatch-Waxman patent infringement action. Merck again repeats the mantra in its opposition that, based on *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), the covenant not to sue granted to Watson eliminates any controversy. However, the Federal Circuit in *3M* recognized that, while a case or controversy may typically cease to exist after a patentee no longer claims infringement, subject matter jurisdiction continues if the Hatch-Waxman Amendments are involved and a dispute between the parties over the manner of dismissal exists. *Minn. Mining*, 289 F.3d at 780.[2]

This dispute over the form of dismissal is important. In a Hatch-Waxman infringement action, the dismissal can impact availability of 180-day exclusivity to the first generic manufacturer to submit an Abbreviated New Drug Application containing a "Paragraph IV" patent certification. *See* 21 U.S.C. § 355(j)(5)(B)(iv)(II). Merck apparently believes that its proposed dismissal with prejudice is sufficient to trigger exclusivity. (D.I. 22 at 10). This may or may not be the case in view of the recent decision by the D.C. Circuit in *Teva Pharmaceuticals USA, Inc. v. Food & Drug Admin.*, 2006 WL 644903, at *2-4 (C.A.D.C. Mar. 16, 2006) (Exh. A).[3]

---

[2] After upholding the district court's finding of continued subject matter jurisdiction by the district court, the Federal Circuit in *3M* also affirmed the district court's grant of the ANDA-filer's motion for summary judgment of noninfringement. *Id.* at 784. Watson seeks to file a summary judgment motion just as in *3M*.

[3] Watson expressly reserves the right to assert in a future proceeding or otherwise that the grant of Merck's motion to dismiss is sufficient to trigger the 180-day exclusivity period (as Merck apparently believes will happen as a result of dismissal).

Despite Merck's belief concerning the trigger of the 180-day exclusivity period, this Court has jurisdiction, as recognized by *3M*, over Watson's effort to obtain a decision of noninfringement and/or invalidity of the patents-in-suit. The unpublished Federal Circuit decision relied on by Merck, *Inline Connection Corp. v. Atlantech Online, Inc.*, 2004 WL 74622 (Fed. Cir. Jan. 16, 2004) (Exh. B), does not mandate dismissal.[4] The parties in this standard §271(a) infringement action (not a Hatch-Waxman case) did not dispute that dismissal was prejudice was proper following the patentee's grant of a covenant not to sue. *Inline Connection*, 2004 WL 74622, at *1. In the present case, the form of dismissal may have significant consequences and, thus, is contested. Merck cannot now assert that Watson is precluded from obtaining a decision on the merits after initiating these proceedings under the Hatch-Waxman Act.

## II.  SUMMARY JUDGMENT IS APPROPRIATE TO RESOLVE THE MERITS OF WATSON'S NONINFRINGEMENT AND INVALIDITY AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Merck makes no attempt to refute Watson's contention that resolution of the substantive issues of noninfringement and invalidity may be handled most efficiently through summary judgment. While Merck may contend that genuine issues of material fact exist (D.I. 24 at 2), it does not point to any specific issues that require trial. No such genuine issues of material fact exist.

Watson's alendronate sodium tablets do not contain one or more excipients as required by the '941, '590, '410, and '004 patents, or anhydrous alendronate sodium as required by the '726 and '207 patents. Watson's alendronate sodium tablet formulations

---

[4] Merck's reliance on this unpublished, nonprecedential decision is improper. Under Federal Circuit Rule 47.6(b), citations to nonprecedential opinions from the Federal Circuit, such as the *Inline Connection* decision, are not appropriate.

are substantially different from the compositions claimed in these patents and, therefore, do not infringe the claims thereof either literally or under the doctrine of equivalents. Therefore, Watson does not infringe the patents that are the subject of Counts I-VI of the Complaint and Counts I-XII of the Counterclaims.

Furthermore, the patents at issue in Counts VII-IX of the Complaint and Counts XIII-XVII of the Counterclaims directed to once-weekly dosing regimens are either invalid or not infringed by Watson's alendronate sodium tablets. Claims 23 and 37 of the '329 patent have been held invalid by the Federal Circuit. *See Merck & Co., Inc. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005), *petition for rehearing and rehearing en banc denied*, 405 F.3d 1338 (Fed. Cir. 2005), *certiorari denied* (Oct. 17, 2005).

The remaining claims of the dosing regimen patents are either (1) broader than claims 23 and 37 of the '329 patent and, thus, invalid as obvious for the same reasons relied on by the Federal Circuit in *Merck* or (2) limited to non-approved strengths or completely different active ingredients other than alendronate that are not present in Watson's product. Merck is further collaterally estopped from asserting claims of infringement of the dosing regimen patents in view of the prior *Merck* decision.

## CONCLUSION

For the reasons discussed herein, as well as Watson's motion for leave and Watson's opposition to Merck's motion to dismiss, Watson requests that this Court grant leave to file a motion for summary judgment on an expedited basis more than ten days prior to the close of fact discovery. The proposed motion relates to all counts of Merck's Complaint and Watson's Counterclaims and, therefore, is case dispostive. There is no need to prolong this action, as the present record is sufficient to grant Watson's proposed summary judgment motion.

Dated: March 29, 2006

BIFFERRATO GENTILOTTI BIDEN & BALICK

Adam Balick (ID # 2718)
Joanne Ceballos (ID# 2854)
711 King Street
Wilmington, DE  19801
(302) 429-1900

Of Counsel:
Robert F. Green
Steven H. Sklar
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601-6780
Voice:  (312) 616-5600
Facsimile:  (312) 616-5700

**Attorneys for Watson Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I, Joanne Ceballos, hereby certify that on this 29th day of March, 2006, a copy of the foregoing Reply Brief in Support of Watson's Motion for Leave to File a Motion for Summary Judgment was served on counsel for Plaintiff as follows:

**VIA ELECTRONIC MAIL**

Mary B. Graham
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801
mgraham@mnat.com

John F. Lynch
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057
lynchj@howrey.com

Nicolas G. Barzoukas
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
nicolas.barzoukas@weil.com

Joanne Ceballos