# EXHIBIT B

Westlaw.

85 Fed.Appx. 767                                                                                                      Page 1
85 Fed.Appx. 767, 2004 WL 74622 (C.A.Fed.)
**(Cite as: 85 Fed.Appx. 767)**

C
Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterNOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is a public record.This case was not selected for publication in the Federal Reporter.NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record. Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)
United States Court of Appeals,Federal Circuit.
INLINE CONNECTION CORPORATION, Plaintiff-Appellant,
v.
ATLANTECH ONLINE, INC., Defendant-Appellee.
No. 03-1397.

DECIDED: Jan. 16, 2004.

**Background:** Patent holder filed infringement suit. The United States District Court for the District of Maryland dismissed claims with prejudice and entered permanent injunction. Patent holder appealed.

**Holding:** The Court of Appeals, Linn, Circuit Judge, held that district court's retention of jurisdiction in patent infringement suit after plaintiff promised not to further sue defendant was abuse of discretion.

Vacated and remanded.

West Headnotes

**Patents 291 ⚖️314(2)**

291 Patents
  291XII Infringement
    291XII(C) Suits in Equity
      291k314 Hearing
        291k314(2) k. Scope of Inquiry and Power of Court. Most Cited Cases
District court's retention of jurisdiction in patent infringement suit after plaintiff promised, in motion to dismiss, not to further sue defendant was abuse of discretion, even though defendant wanted to extend scope of injunction to include parties in privity with it, where defendant was only party before district court charged with infringement. Fed.Rules Civ.Proc.Rule 41, 28 U.S.C.A.

**Patents 291 ⚖️328(2)**

291 Patents
  291XIII Decisions on the Validity, Construction, and Infringement of Particular Patents
    291k328 Patents Enumerated
      291k328(2) k. Original Utility. Most Cited Cases
5,844,596, 6,236,718, 6,243,446. Cited.

Before MICHEL, BRYSON, and LINN, Circuit Judges.

LINN, Circuit Judge.
**\*\*1** Inline Connection Corporation ("Inline") appeals from a dismissal with prejudice of its patent infringement claims and entry of a permanent injunction. *Inline Connection Corp. v. Atlantech Online, Inc.,* No. MJG-02-1420 (D.Md. Apr. 3, 2003). Because the district court was divested of subject matter jurisdiction over this dispute by Inline's promise not to sue Atlantech Online, Inc. ("Atlantech"), we *vacate* the permanent injunction and *remand* the case to the district court for entry of a dismissal of Inline's complaint with prejudice and of Atlantech's counterclaim without prejudice as moot.

BACKGROUND

In a motion to dismiss filed with the district court in October 2002, Inline promised "not to further sue Defendant, Atlantech, under any claim of each of the Inline United States patents Nos. 6,243,446; 6,236,718 and 5,844,596, for any past, present, or future acts, with respect to Atlantech's past and present subscriber, self-installation, DSL services and systems." This promise not to sue was further characterized as "personal to Atlantech and extend[ed] exclusively to and only to Defendant, ATLANTECH ONLINE, INC., and [was] not transferable to, or in any way for the benefit of, or in any way, directly or indirectly, transferable to any other entity." Atlantech opposed Inline's motion and specifically objected to the "personal" and "non-transferable" characterization of the promise as attempting to alter the res judicata or claim preclusive effect of the dismissal. To address this concern, Atlantech requested that with the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

85 Fed.Appx. 767  
85 Fed.Appx. 767, 2004 WL 74622 (C.A.Fed.)  
**(Cite as: 85 Fed.Appx. 767)**

Page 2

dismissal, the district court bar Inline from future claims for infringement of the patents asserted in the litigation against "Atlantech or any party in privity with Atlantech including without limitation past, present or future customers, suppliers, or successors in interest."

Following the filing of Inline's motion to dismiss, the district court retained jurisdiction of the case and spent a considerable amount of time with counsel for the parties in an effort to find agreement on the terms of a permanent injunction governing Inline's future infringement suits. The district court's efforts resulted in an agreement on all provisions but one of what was termed a "Consented Permanent Injunction," entered along with a Judgment Order of dismissal on April 3, 2003. The injunction as issued precluded Inline from suing most potential successors in interest to Atlantech for infringement, and the record reflects that Inline did not consent to this term.

*769 Inline appeals the entry of the injunction and contends that the promise not to sue Atlantech, made in the motion to dismiss, extinguished the case or controversy, mooted the counterclaims, and divested the district court of subject matter jurisdiction to enter an injunction. Atlantech opposes, arguing that the characterizations of the promise not to sue as being personal and non-transferable were conditions that left the case or controversy open. Atlantech thus contends that the district court retained jurisdiction and properly entered the Consented Permanent Injunction under Federal Rule of Civil Procedure 41(a)(2). We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

A. Standard of Review

**2 Whether an actual controversy exists under Article III is a question of law subject to plenary review. _Super Sack Mfg. Corp. v. Chase Packaging Corp.,_ 57 F.3d 1054, 1058 (Fed.Cir.1995). The entry of a permanent injunction is reviewed for an abuse of discretion, which requires plenary review of the correctness of rulings on matters of law. _Stratos Mobile Networks USA, LLC v. United States,_ 213 F.3d 1375, 1379 (Fed.Cir.2000).

B. Analysis

Although the district court's goal of bringing the parties to agreement was laudable, its retention of jurisdiction after Inline promised not to further sue Atlantech was an abuse of discretion. Inline's promise not to sue Atlantech was unconditional and extended to "any claim of each of the Inline [patents-in-suit] for any past, present or future acts, with respect to Atlantech's past and present subscriber, self-installation, DSL services and systems." That promise extinguished the case or controversy that was the subject of the suit and divested the district court of jurisdiction. _See Amana Refrigeration, Inc. v. Quadlux, Inc.,_ 172 F.3d 852, 855 (Fed.Cir.1999) ("We have held that a covenant not to sue for any infringing acts involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action." (citing _Super Sack,_ 57 F.3d at 1060)). Inline's characterization of the dismissal as "personal" and "non-transferable" did not affect, limit, or condition the promise not to sue as to Atlantech, which was the only party before the district court charged with infringement. Future disputes relating to Atlantech's successors in interest and others in privity with Atlantech are just that-future disputes. They must be left to future cases and are not ripe for consideration in this case. _See Amana,_ 172 F.3d at 855-56; _Super Sack,_ 57 F.3d at 1060; _Spectronics Corp. v. H.B. Fuller Co.,_ 940 F.2d 631, 637-38 (Fed.Cir.1991).

Once Inline made its unconditional promise not to sue Atlantech, the case or controversy at the center of the lawsuit became nonjusticiable, and any apprehension on Atlantech's part that it would face further claims of infringement of Inline's asserted patents was eliminated. _Super Sack,_ 57 F.3d at 1059 (holding that plaintiff's unconditional agreement not to sue defendant for infringement based upon any product then manufactured by defendant rendered noninfringement and invalidity counterclaims nonjusticiable). The filing by Inline of its motion to dismiss thus divested the district court of subject matter jurisdiction over the case. The district court did not have jurisdiction to enter an injunction and should have simply dismissed the complaint with prejudice and the counterclaim without prejudice as moot. _See Zepeda v. United States Immigration and Naturalization Serv.,_ 753 F.2d 719, 727 (9th Cir.1983) ("A federal court may issue an injunction if it has *770 personal jurisdiction over the parties and subject matter jurisdiction over the claim.").

CONCLUSION

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

85 Fed.Appx. 767                                                                                                              Page 3
85 Fed.Appx. 767, 2004 WL 74622 (C.A.Fed.)
**(Cite as: 85 Fed.Appx. 767)**

**\*\*3** For the above reasons, the Consented Permanent Injunction entered April 3, 2003 is vacated as void *ab initio,* and the Judgment Order entered April 3, 2003 is vacated. The case is remanded to the district court with instructions to enter judgment dismissing inline's patent infringement claims with prejudice <u>FN\*</u> and dismissing Atlantech's counterclaims without prejudice as moot.

> <u>FN\*</u> Questions of res judicata and claim preclusion are not before this court. The actions of the court in vacating the Consented Permanent Injunction and in directing the district court on remand to enter a dismissal of the complaint with prejudice should not be construed as affecting in any way whatever res judicata and claim preclusion consequences may attach to such dismissal as a matter of law.

### COSTS

Each side shall bear its own costs on this appeal.

C.A.Fed.,2004.
Inline Connection Corp. v. Atlantech Online, Inc.
85 Fed.Appx. 767, 2004 WL 74622 (C.A.Fed.)

Briefs and Other Related Documents (Back to top)

• <u>03-1397</u> (Docket) (May. 20, 2003)
• <u>2002 WL 32818605</u> (Appellate Brief) Reply Brief of Appellant (Sep. 23, 2002) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.